UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-733-H

AMANDA ELLEN MORRIS                                                                                    PLAINTIFF

V.

UNITED STATES OF AMERICA                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      This is a Federal Tort Claims Act case involving a fall and injury occurring in front of the United States District Courthouse in Louisville.  Defendant, the United States of America, has moved for summary judgment.  The Court finds two grounds, one factual and the other legal, upon which Defendant is entitled to relief.

      Plaintiff's first argument is that the government is responsible for accidents resulting from the defective condition of its own property.  Defendant says that the accident occurred on property that the United States did not own.  Plaintiff responds that the issue is disputed.  A review of the actual testimony shows that Plaintiff states that she was walking on the sidewalk in front of the United States District Courthouse, closer to Broadway than to the Courthouse.  Plaintiff marked the location of the fall as a crack near Broadway.  The property maps placed in evidence by Defendant demonstrate beyond dispute that the fall occurred on property owned by the City of Louisville, not by Defendant.  Therefore, Defendant can have no liability based on its obligation to repair and keep safe its own property.

      Plaintiff argues that Defendant nevertheless controls the sidewalk and is, therefore,

responsible for its condition. Plaintiff relies upon a local ordinance to place legal responsibility for the accident upon Defendant. 1999 Lou. Code § 97.112. That ordinance states:

> (A) The owners of property abutting sidewalks in Jefferson County are required to repair that part of the sidewalk adjoining property respectively belonging to them at their own expense by repairing any holes, uneven surface, and other defective places therein, by using like materials to that of which the sidewalk is constructed within ten days after receiving notice in writing from the Department of Public Works to do so. The Department of Public Works may grant a waiver if like materials cannot be found or if materials used in a sidewalk would make it difficult for an individual with a medical condition to obtain access to the property abutting the sidewalk. Such a waiver shall only be granted after review and recommendation by the Urban Design Department staff of the Louisville Development Authority. This section shall not waive or affect the right of the Metro Government or Department of Public Works to order the reconstruction of any such sidewalk if it is found proper to do so.
>
> (B) It shall be the duty of the Department of Public Works as soon as it ascertains the existence of defects in the sidewalks of Jefferson County to forthwith notify, in writing, the owners of the property abutting that part of the sidewalk which is found to be defective, to repair it at their own expense with like materials to that of which the sidewalk is constructed unless a waiver is granted pursuant to subsection (A), within a period of ten days after the delivery of the notice. In the event the owner fails to make such repairs, the Director of Public Works is authorized to have the necessary repairs made with like materials to that which the sidewalk is constructed and to assess the cost of repair to the abutting owner and notify him of the assessment in writing. In the event the owner fails to remit the costs as assessed within 30 days of the notice as given above, the Director of Public Works shall take the necessary steps to place a lien against the abutting property owner in the office of the Jefferson County Clerk, in the amount of the unpaid assessment.

In summary, this ordinance requires owners of property abutting sidewalks to repair those sidewalks at their own expense within ten days after receiving notice in writing from the

Department of Works to do so.[1]

The Kentucky Supreme Court has held that an ordinance that places a duty of keeping sidewalks clean and in good repair upon abutting landowners creates only a financial obligation to bear the cost of maintenance and repair but does not impose liability upon the landowner to travelers injured upon the sidewalk. *Schilling v. Schoenle*, Ky., 782 S.W.2d 630, 633 (1990) (citing *Vissman v. Koby*, Ky., 309 S.W.2d 345 (1958)). *Also see Fields v. Lexington-Fayette Urban Co. Gov.*, Ky.App., 91 S.W.3d 110 (2002). These cases establish the absence of legal liability upon Defendant to Plaintiff based on the statute such as 99 Lou. Code § 97.112. To be sure, the statute provides authority for the City of Louisville to require Defendant to make repairs. However, the responsibility for any injuries occurring as to a defect in the sidewalk remains with the City.

The Court finds no other legal grounds that might impose liability upon Defendant. Those proposed having failed and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

---

[1] Discovery is now complete and Plaintiff has presented no evidence that the Department of Works ever notified Defendant of a defective condition which required repair. Even if the Department of Works had done so, the Court concludes that Defendant is not liable to Plaintiff for its failure to make the repairs.

cc: Counsel of Record